## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
                Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
                Agency.

DOCKET NUMBER
DE-3330-15-0013-I-1

DATE: July 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Corey Thompson</u>, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his Veterans Employment Opportunities Act of 1998 (VEOA) appeal on the merits without a hearing. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is a 5-point preference-eligible veteran who applied for a Public Health Advisor position with the agency under open competitive vacancy announcement HHS-CDC-D4-14-1203072. Initial Appeal File (IAF), Tab 10 at 22, 24, 69, 71-75. The agency rated him ineligible for the position, the appellant filed a VEOA complaint with the U.S. Department of Labor (DOL), and DOL closed its investigation after finding no veterans' preference violation. IAF, Tab 1 at 9, Tab 10 at 20.

¶3 The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2-3. The administrative judge found that the appellant established jurisdiction over the appeal, but that there were no material facts in dispute and that the agency was entitled to judgement as a matter of law. IAF, Tab 16, Initial Decision (ID) at 1-2, 8. He therefore denied the appellant's request for corrective action on the merits without a hearing. *Id*. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶4 On review, the appellant argues that the administrative judge failed to address whether the agency violated his right to compete under 5 U.S.C. § 3304(f)(1). *Id*. at 11-12. However, we agree with the administrative judge that the appellant failed to establish Board jurisdiction over this claim. IAF, Tab 11 at 2. To establish jurisdiction over a right to compete appeal under 5 U.S.C. § 3330a(a)(1)(B), an appellant must, among other things, make a nonfrivolous allegation that the agency denied him the opportunity to compete for the position. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). In this case, it is undisputed that the agency considered the appellant's application and rated him ineligible for the position on the basis that he did not meet the minimum qualification requirements. IAF, Tab 10 at 20. Thus, the appellant was afforded his right to compete under 5 U.S.C. § 3304(f)(1). *See Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010) (the only issue in an appeal concerning 5 U.S.C. § 3304(f)(1) is whether the appellant was permitted to compete for the position on the same basis as other candidates). The appellant's argument that the agency failed to assess his experience correctly is beyond the purview of a VEOA appeal under 5 U.S.C. § 3330a(a)(1)(B). IAF, Tab 1 at 5; s*ee Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014).

¶5 The appellant also argues that the administrative judge should have adjudicated his prohibited personnel practice claims, including his age discrimination claim. PFR File, Tab 1 at 12-14. However, the sole issue in a VEOA appeal under 5 U.S.C. § 3330a(a)(1)(A) is whether the agency violated the appellant's rights under a statute or regulation relating to veterans' preference. The Board's jurisdiction in such an appeal does not extend to the adjudication of discrimination and other prohibited personnel practice claims. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 10 (2008); *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001). We agree with the administrative judge's ruling on this issue. IAF, Tab 11 at 2.

¶6　　The appellant further argues that the administrative judge should have granted his request for a hearing. PFR File, Tab 1 at 6-10, 13. He argues that a hearing was required in accordance with the initial decision in *Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-10-0168-I-1, Initial Decision (Apr. 30, 2010). PFR File, Tab 1 at 6-10, 13. We disagree because an initial decision issued by an administrative judge has no precedential effect. *See Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988). The appellant also argues, citing 5 C.F.R. § 1201.24(d), that "[a]n appellant generally has a right to a hearing on the merits if the appeal has been timely filed and the Board has jurisdiction over the appeal." PFR File, Tab 1 at 6. VEOA, however, provides an exception to this general rule. The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz*, 108 M.S.P.R. 349, ¶ 9.

¶7　　In this regard, the appellant argues that there was a genuine dispute of material fact as to whether the agency credited his military experience as a medic as being work in a public health program for the Federal government. PFR File, Tab 1 at 10. Under 5 U.S.C. § 3311(2), a preference eligible is entitled to credit for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor. However, we have reviewed the appellant's arguments, and we find that he is disputing the weight that the agency gave to his prior experience rather than whether the agency considered that experience in evaluating his application. PFR File, Tab 1 at 10; IAF, Tab 11 at 21-25. Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight that the agency accorded these experiences in reaching its

decision that the appellant was not qualified for the position. *Miller*, [121 M.S.P.R. 88](), ¶ 12.  The Board's assessment does not include a review of the weight that the agency gave to the appellant's prior experiences in determining that he was not qualified.  *Id*., ¶ 9.  Finally, we find that the appellant's allegations of agency malfeasance in unrelated actions and legal proceedings are not relevant to the issues in the instant appeal.  PFR File, Tab 1 at 10-11, 13.

¶8    For the reasons explained in the initial decision, we agree with the administrative judge that there is no genuine dispute of material fact in this appeal, and that the agency is entitled to judgment as a matter of law.  ID at 6-8.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544]() (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703]()) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.